UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASIA WYLEY, | ) | CASE NO. 1:25-CV-00230 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Asia Wyley ("Wyley") initiated this action *pro se* to challenge her arrest,

detention in the Cuyahoga County Corrections Center, and criminal conviction.  (Doc. 1.)  For

the reasons below, this case is DISMISSED.  Wyley's application to proceed *in forma pauperis*

(Doc. 2) is GRANTED.

I.      **BACKGROUND**

The complaint contains few factual allegations.  (*See* Doc. 1.)  Wyley states that

employees of Cuyahoga County discriminated against her after being notified that she has

disabilities.  (*Id.* at 2.)[1]  Wyley does not specify what disabilities she has or which disabilities she

communicated to Cuyahoga County employees.  (*See id.*)  She states these employees "prevented

[her] from seeking proper disability accommodations" while they held her in a cell "completely

naked without access to sufficient, water, food, [and] hygienic facilities," including a shower or

feminine hygiene products.  (*Id.* at 3.)  The complaint does not allege the date, reason, or length

of her detention.

Wyley alleges Cuyahoga County employees violated her constitutional rights in

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

retaliation for information she had about Cuyahoga County officials.  (*Id.*)  Wyley further asserts

that Cuyahoga County "fabricated information against [her] and refused to allow [her] to access

information that could prove" her innocence.  (*Id.*)  As a result, Wyley alleges she was "illegally

arrested and then wrongfully convicted" of a crime she did not commit.  (*Id.*)  The complaint

does not specify what information Cuyahoga County fabricated or the charges Wyley faced.

Wyley lists claims under the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth

Amendments, as well as the Americans with Disabilities Act ("ADA"), 4 U.S.C. §§ 12112 *et*

*seq.*  (*See id.* at 2.)  Other than listing these amendments and statute, Wyley provides no further

allegations in support of her claims.  (*Id.*)  Her complaint seeks $111,000,000,000.00 in damages

and other injunctive relief.  (*Id.* at 3-7.)

Wyley did not pay the filing fee for this case, but instead filed motion to proceed *in forma*

*pauperis*.  (Doc. 2.)  Because Wyley represents that she has no assets and no income, her motion

to proceed *in forma pauperis* is GRANTED.

## II.    LEGAL STANDARD

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court must dismiss an

*in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief

can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319,

325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an

arguable basis in law or fact when it is premised on an indisputably meritless legal theory or

when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the Complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.  In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## III.   <u>ANALYSIS</u>

The complaint does not rise above the speculative level to state a plausible claim for relief.  Based on the information Wyley provided, the Court is left to guess at critical information needed to state a claim.  For instance, Wyley has not alleged what condition qualifies as a disability, how long she was held in a cell, the circumstances of her detention, the role Cuyahoga County employees played in creating the conditions of her detention, or what information these employees fabricated.  Without this basic information, the Court cannot find plausibility in the complaint. *See Bell Atl. Corp*., 550 U.S. at 564.

Wyley does not explain why she believes Cuyahoga County violated her First, Second, Fourth, Fifth, or Sixth Amendment rights.  Nor does she explain how Cuyahoga County violated her rights under the ADA.  To meet the minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  The complaint does not contain sufficient facts to meet this basic pleading requirement.  *See* Fed. R. Civ. P. 8; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (legal conclusions alone are not enough to present a valid claim, and court is not required to accept unwarranted factual inferences).

Separately, Wyley seeks billions of dollars in damages for constitutional violations.  (*See* Doc. 1 at 2.)  But because "[t]he Constitution does not directly provide for damages," Wyley must proceed under "one of the statutes authorizing damages for constitutional violations." *Sanders v. Prentice-Hall Corp. Sys.*, 178 F.3d 1296 (Table), 1999 WL 115517, at *2 (6th Cir. 1999).  Construing the complaint in the light most favorable to Wyley, the Court will treat her claims as arising under 42 U.S.C. § 1983.  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims of that deterrence fails." *Wyatt v. Cole*, 504 U.S. 158 (1992).

Instead of creating substantive rights, §1983 simply provides "a vehicle by which plaintiffs can assert claims based upon federal rights created by other statutes." *Sanders [CITE], see also Lausin ex rel. Lausin v. Bishko*, 727 F.Supp.3d 610, 625 (N.D. Ohio 2010) (citing *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)).  Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*.  *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691-94 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").  The claims must be based on the defendant's *own* wrongdoing.  *See id.*; *see also Morgan v. Fairfield Cnty., Ohio*, 903 F.3d 553, 565 (6th Cir. 2018) ("[A] municipality is liable only for its own wrongdoing, not the wrongdoings of its employees.").

To state a claim under *Monell*, Wyley must demonstrate the alleged constitutional violations occurred as the result of a Cuyahoga County official policy enacted by its lawmakers, *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 690), or by the County's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law.  *Monell*, 436 U.S. at 691.  Thus, Wyley must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality (not just to an employee or official of the County), and (3) show that her particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cnty.*, 14 F.4th 585, 598 (6th Cir. 2021) (quoting *Morgan*, 903 F.3d at 566 (internal quotations omitted)). Wyley's complaint does not identify a policy or custom of Cuyahoga County that caused her injury.  Accordingly, her claims against Cuyahoga County are dismissed.

## IV.   **CONCLUSION**

Wyley's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED.  This action is DISMISSED pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:   June 4, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE